**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **KENNETH HERTZ**, <br><br> *Plaintiff,* <br><br> vs. <br><br> **CAPITAL METROPOLITAN TRANSPORTATION AUTHORITY, and KEOLIS TRANSIT SERVICES, LLC**. <br><br> *Defendants.* | **COMPLAINT** <br><br> Case No. <br><br><br> JURY DEMANDED |

Plaintiff Kenneth Hertz ("Mr. Hertz"), by and through his undersigned counsel, hereby files his Complaint and alleges and states as follows:

## I.    INTRODUCTION

1.    Mr. Hertz is a long-term employee of Capital Metropolitan Transportation Authority ("Cap Metro"). He is an American citizen and a White male.

2.    Keolis Transit Services, LLC ("Keolis") is Cap Metro's contracted operating partner for bus services. In January of 2024, Cap Metro entered into a three-year agreement, with two one-year optional extensions, to provide bus operations in the Austin region.

1

3. Mr. Hertz was qualified for his position based on his years of experience and consistent performance at Cap Metro.

4. Beginning on or about February 6, 2025, Mr. Hertz was subjected to discriminatory treatment, harassment, and retaliation by his employer and co-workers after reporting misconduct and engaging in a protected activity.

5. When Mr. Hertz reported that a co-worker, Mr. Edger Ochoa ("Mr. Ochoa"), was sleeping on the job, Mr. Ochoa responded aggressively and then falsely accused Mr. Hertz of threatening his life.

6. Mr. Hertz and Mr. Ochoa chose to reconcile and not press charges or make statements against one another. However, Cap Metro still treated Mr. Hertz more harshly than Mr. Ochoa and chose to take no meaningful action against Mr. Ochoa. Mr. Ochoa is a Hispanic male.

7. On February 14, 2025, Mr. Hertz was suspended without pay and subjected to a disciplinary hearing on February 19, 2025. Cap Metro denied him access to the witness statements used against him and forced him to sign a "Last Chance Agreement" as a condition for returning to work.

8. Mr. Hertz was denied backpay and warned that any future infraction would result in immediate termination after the hearing.

9. Mr. Hertz repeatedly requested the necessary forms to disclose his prescribed medications, a requirement for company drug-testing procedures; however, Cap Metro ignored or delayed these requests, placing him at risk and

causing him significant stress.

10.    Similarly situated employees outside of Mr. Hertz's protected class who were engaged in comparable or worse misconduct received lesser discipline or no discipline at all. For example, a co-worker accused of physically assaulting a manager only received a three-day suspension and prompt reinstatement.

11.    Following his suspension and complaint activity, Mr. Hertz was subjected to retaliatory treatment, including delays in pay raises, being assigned duties outside of his job description, loss of work hours, harassment from supervisors and co-workers spreading disparaging remarks that he "got what he deserved" and "should have been fired."

12.    On or about August 13, 2025, Mr. Hertz filed a complaint against a coworker, Jeorge Rodriguez, but HR failed to take action, further evidencing Cap Metro's pattern of ignoring harassment and retaliating against him for engaging in protected activity.

13.    Cap Metro's conduct created a hostile work environment and subjected Mr. Hertz to adverse employment actions because of his race and in retaliation for engaging in protected activities, in violation of Title VII of the Civil Rights Act of 1964 and Texas Labor Code Chapter 21.

## II.    NAMED PARTIES

14.    Plaintiff Hertz is a Texas citizen whose primary residence is in Buda,

Texas.

15.    Defendant Cap Metro provides bus, paratransit services, and the Cap Metro Hybrid Rail as the public transit agency for the Austin, Texas, metropolitan area, headquartered in Austin, Texas.

16.    Defendant Cap Metro is a Texas agency and may be served with process at 2910 East Fifth Street, Austin, Texas 78702.

17.    Defendant Keolis is an LLC in the state of Maryland, with its Corporate Headquarters at 53 State Street 11th Floor, Boston, Massachusetts 02109.

18.    Defendant Keolis is a private company engaged in providing transit operations for Cap Metro, with offices in Austin, Texas, and may be served with process through its registered agent, Cogency Global Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

## JURISDICTION

19.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the federal claims arise under the Constitution and laws of the United States, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., and 42 U.S.C. § 1981.

20.    Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1391(b) because the alleged unlawful employment practice occurred in this judicial district and the employment records relevant to this dispute lie in this judicial district.

21.     Plaintiff seeks compensatory and punitive damages under 42 U.S.C. §§ 2000e *et seq.*, § 1988 and Civil Rights Act of 1866, 42 U.S.C. §1981.

22.     Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201-2202 to include remediation.

## III.    FACTUAL ALLEGATIONS

23.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

24.     Plaintiff has worked for Cap Metro, with Keolis as its operating contractor, as a mechanic, and was qualified for his position through years of experience and satisfactory performance.

25.     On February 6, 2025, Plaintiff observed co-worker Edger Ochoa sleeping on the job and reported the incident to a supervisor. Mr. Ochoa responded with hostility, accused Plaintiff of threatening him, and initiated a conflict.

26.     Following this incident, supervisors and Human Resources required written statements from Plaintiff and others. Plaintiff complied, but unlike his co-worker, he was suspended without pay pending a hearing.

27.     On February 19, 2025, Plaintiff attended the disciplinary hearing but was denied access to the written statements submitted by others. Defendants failed to timely issue a decision, but ultimately reinstated Plaintiff only after requiring him to sign a punitive "Last Chance Agreement" that imposed harsher conditions than those applied to similarly situated employees.

28.   Plaintiff was denied backpay for his suspension period.

29.   Plaintiff's request for a medication disclosure form (required for drug testing and workplace safety) was repeatedly ignored or delayed, contributing to his sense of harassment and lack of support.

30.   Plaintiff was also denied timely access to a copy of the signed Last Chance Agreement, despite repeated requests.

31.   Plaintiff's co-workers and supervisors engaged in ongoing harassment, including dismissing his complaints, spreading rumors that he "got what he deserved," and assigning him tasks outside his role.

32.   Similarly situated co-workers of different races received lesser discipline for comparable or more serious conduct. For example, one employee accused of assaulting a manager received only a three-day suspension and prompt reinstatement.

33.   On August 13, 2025, Plaintiff filed a complaint against coworker Jeorge Rodriguez. HR failed to investigate or address the complaint.

34.   As a result of Defendants' actions, Plaintiff suffered financial harm, humiliation, emotional distress, and a hostile work environment.

35.   On or about August 5, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, retaliation, and hostile work environment. He received Notice of Right-to-Sure on August 26, 2025.

## IV.    CLAIMS FOR RELIEF

## <u>COUNT I</u>

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.***
***Race Discrimination***

36.    Title VII, 42 U.S.C. § 2000e-2(a) prohibits employers from discriminating against employees with respect to compensation, terms, conditions, or privileges of employment because of race.

37.    Plaintiff is a White male and therefore a member of a protected class under Title VII.

38.    Plaintiff was qualified for his position as a mechanic, having years of experience and satisfactory performance.

39.    On February 6, 2025, Plaintiff reported co-worker Edger Ochoa for sleeping on the job. Mr. Ochoa falsely accused Plaintiff of threatening him.

40.    Defendants treated Plaintiff more harshly than Mr. Ochoa and other non-White employees. Plaintiff was suspended without pay, denied access to evidence used against him, and forced to sign a Last Chance Agreement, while similarly situated non-White employees were given lesser discipline or reinstated without such conditions.

41.    For example, an employee accused of assaulting a manager received only a three-day suspension and prompt reinstatement, while Plaintiff, who made no threats or assaults, lost weeks of pay and was subjected to extraordinary disciplinary

measures.

42.     Defendants denied Plaintiff backpay, benefits, and timely access to required forms, including a medication disclosure form needed for compliance with workplace safety policies.

43.     Defendants further assigned Plaintiff work outside of his role, subjected him to disparaging rumors, and created conditions designed to drive him from employment.

44.     Defendants, jointly and severally, acted with malice and/or reckless indifference to Plaintiff's federally protected rights and intentionally discriminated against him because of his race.

45.     As a result of Defendants' actions, Plaintiff suffered lost income, lost benefits, emotional distress, and other damages.

## COUNT II
### Title VII of the Civil Rights Act of 1964, & Texas Labor Code.
#### *Hostile Work Environment*

46.     Plaintiff repeats and reasserts each and every allegation set forth above as if fully set forth herein.

47.     Title VII and Texas Labor Code Chapter 21 prohibit employers from creating or allowing a hostile or abusive work environment because of an employee's race.

48.     Plaintiff was subjected to severe and pervasive harassment by supervisors and co-workers after his suspension.

8

49.    Supervisors denied Plaintiff required forms, ignored his repeated requests for copies of key documents such as his signed Last Chance Agreement, and dismissed his complaints about discriminatory treatment.

50.    Co-workers spread rumors that Plaintiff "got what he deserved" and mocked him following his discipline, reinforcing an environment of hostility.

51.    Plaintiff was repeatedly assigned to tasks outside of his position, increasing his workload and stress in retaliation for his complaints.

52.    The hostile environment unreasonably interfered with Plaintiff's ability to perform his job and caused him significant emotional distress.

53.    Defendants failed to take prompt or effective remedial action despite Plaintiff's August 13, 2025, complaint against supervisor Jeorge Rodriguez and other reports of discriminatory conduct.

54.    Defendants, jointly and severally, knowingly and intentionally created and perpetuated a hostile work environment based on Plaintiff's race.

### COUNT III
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 *et seq.* *Retaliation*

55.    On August 5, 2025, Plaintiff filed EEOC Charge No. 451-2025-05499.

56.    Plaintiff engaged in protected activity by reporting harassment and discrimination internally to Human Resources and management.

57.    Plaintiff also engaged in protected activity by filing a charge of discrimination with the EEOC.

58.    Defendants retaliated against Plaintiff shortly after these complaints by:

     a.    Suspending him without pay;

     b.    Requiring him to sign a Last Chance Agreement not imposed on similarly situated employees;

     c.    Denying him backpay;

     d.    Refusing to provide required forms and documents in a timely manner; and

e. Ignoring or dismissing his August 13, 2025, complaint against coworker Jeorge Rodriguez.

59.    There is a causal connection between Plaintiff's protected activity and the adverse employment actions. The timing and sequence of events show that Defendants' actions were motivated by retaliation.

60.    Defendants' retaliatory conduct violated Title VII, 42 U.S.C. § 2000e-3, and Texas Labor Code § 21.055.

## COUNT IV
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981
### *Race Discrimination*

61.    Plaintiff repeats all prior allegations.

62.    Section 1981 guarantees all persons the same right to make and enforce contracts regardless of race.

63.    Defendants discriminated and retaliated against Plaintiff because of

his race, including suspension, denial of pay, harsher discipline, and ongoing hostile treatment.

64.     Defendants' conduct violated § 1981, entitling Plaintiff to compensatory and punitive damages.

## V.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants Capital Metropolitan Transportation Authority and Keolis Transit Services, LLC, and provide the following relief:

A.     A declaratory judgment that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by subjecting Plaintiff to discrimination, retaliation, and a hostile work environment on the basis of race.

B.     An order awarding Plaintiff full equitable relief, including reinstatement to his position (or front pay in lieu of reinstatement), restoration of seniority and benefits, and correction of personnel records.

C.     An order awarding Plaintiff monetary relief, including back pay, front pay, lost benefits, compensatory damages for emotional distress, reputational harm, and related consequential losses, as well as punitive damages as permitted by law against Keolis.

11

D.  An injunction requiring Defendants to adopt policies, training, and monitoring to prevent future discrimination.

E.  An award of reasonable costs and expenses of this action, including attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k) and any other applicable law.

F.  Prejudgment and post-judgment interest as allowed by law.

G.  Such other and further relief as the Court deems just and proper.

## VI.  JURY DEMAND

Plaintiff, Mr. Hertz, demands a trial by Jury on all issues so triable.

DATED this 29th day of October 2025.

*/s/ Sean C. Timmons*
Sean C. Timmons
Managing Partner, Tully Rinckey PLLC
Texas Bar No.: 24067908
New York State Bar No.: 5470
Admitted to Practice
In all Texas Federal Courts
18722 University Blvd., Ste. 235
Sugar Land, TX 77479
(832) 240-3273 (office)
(832) 241-5998 (fax)
Stimmons@tullylegal.com